UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS J. MOORE,<br><br>    Plaintiff,<br><br>    v.<br><br>CORRECTIONAL OFFICER MENDOZA,<br><br>    Defendant. | No. 2:20-cv-1397 KJN P<br><br><br>ORDER |

    Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments

of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

1  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
3  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
4  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
5  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6        Plaintiff alleges that on July 5, 2019, defendant placed handcuffs on plaintiff "very
7  forcefully," and hit plaintiff "very hard on [his] lower back."  (ECF No. 1 at 3.)

8        "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places
9  restraints on prison officials, who may not . . . use excessive physical force against prisoners."
10 Farmer v. Brennan, 511 U.S. 825, 832 (1994).  "[W]henever prison officials stand accused of
11 using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry
12 is. . . whether force was applied in a good-faith effort to maintain or restore discipline, or
13 maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).
14 When determining whether the force was excessive, the court looks to the "extent of injury
15 suffered by an inmate. . . the need for application of force, the relationship between that need and
16 the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any
17 efforts made to temper the severity of a forceful response.'"  Hudson, 503 U.S. at 7 (quoting
18 Whitley v. Albers, 475 U.S. 312, 321 (1986)).  While de minimis uses of physical force generally
19 do not implicate the Eighth Amendment, significant injury need not be evident in the context of
20 an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force
21 to cause harm, contemporary standards of decency always are violated."  Hudson, 503 U.S. at 9.

22       The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
23 unable to determine whether the current action is frivolous or fails to state a claim for relief.
24 Plaintiff provides no context for the alleged use of force or otherwise discusses the elements of an
25 excessive force claim.  The court has determined that the complaint does not contain a short and
26 plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a
27 flexible pleading policy, a complaint must give fair notice and state the elements of the claim
28 plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

1  Plaintiff must allege with at least some degree of particularity overt acts which defendants
2  engaged in that support plaintiff's claim. Id.  Because plaintiff has failed to comply with the
3  requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court, however,
4  grants leave to file an amended complaint.  Plaintiff must allege facts demonstrating each element
5  of an excessive force claim:  the extent of plaintiff's injury; the need for application of force, the
6  relationship between that need and the amount of force used, the threat reasonably perceived by
7  the responsible officials, and any efforts made to temper the severity of a forceful response.

8  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
9  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,
10 West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how
11 each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no
12 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
13 defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633
14 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official
15 participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,
16 268 (9th Cir. 1982).

17 In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
18 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
19 complaint be complete in itself without reference to any prior pleading.  This requirement exists
20 because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez
21 v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint
22 supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation
23 omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any
24 function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim
25 and the involvement of each defendant must be sufficiently alleged.

26 In accordance with the above, IT IS HEREBY ORDERED that:
27 1. Plaintiff's request for leave to proceed in forma pauperis is granted.
28 ////

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: July 15, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

moor1397.14new

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS J. MOORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CORRECTIONAL OFFICER MENDOZA,<br><br>　　　　　Defendant. | No. 2:20-cv-1397 KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____　　　Amended Complaint
DATED:

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Plaintiff