UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS J. MOORE, | No. 2:20-cv-1397 TLN KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CORRECTIONAL OFFICER MENDOZA, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. By order filed May 17, 2021, plaintiff was provided fourteen days in which to re-file his motion bearing his signature. On June 7, 2021, plaintiff filed what appears to be a proposed order on his prior motion, accompanied by a signature page, bearing his signature, and dated May 30, 2021. The court liberally construes both filings as plaintiff's motion for injunctive relief. As set forth below, plaintiff's motion should be denied.

I. Operative Pleading

This action proceeds on plaintiff's second amended complaint against defendant Correctional Officer Mendoza based on plaintiff's claim that defendant Mendoza used unnecessary excessive force on plaintiff on July 15, 2019, at the California Medical Facility ("CMF") in the mental health crisis unit. (ECF No. 13.)

1

II. Motion for Injunctive Relief

    A. Applicable Law

A temporary restraining order may issue upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary restraining order ("TRO") is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("Because our analysis is substantially identical for the injunction and the TRO, we do not address the TRO separately.").

"A plaintiff seeking a preliminary injunction must establish that he "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in his favor, and . . . an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Ninth Circuit has held that, even if the moving party cannot show a likelihood of success on the merits, injunctive relief may issue if "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation omitted). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.' " (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter, 555 U.S. at 24 (citation omitted).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the

court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Finally, the pendency of an action does not give the court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969. An injunction against individuals who are not parties to the action is strongly disfavored. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

B.  Discussion

Plaintiff fails to address the elements required under Winter. Plaintiff claims he fears for his safety, fears intimidation and fears abuse of his defendant's authority, and seeks an order stopping "defendant from using threats of violence, acts of intimidation to incite fear, and abuse of his authority to adversely impact plaintiff's mental and emotional health." (ECF No. 30 at 2.) In his subsequent filing, plaintiff seeks an order requiring defendant "and all persons acting in concert" with defendant to be restrained from being around plaintiff, and that plaintiff not be housed at CMF during the pendency of this action. (ECF No. 35.) Plaintiff claims he will suffer reprisals for bringing this action. (Id.) However, plaintiff's motion is devoid of specific facts demonstrating the basis for his claimed fears. In addition, at some point after plaintiff filed his initial motion, he was transferred to the California Health Care Facility in Stockton (ECF No. 34), so his request for relief is now moot since he is no longer housed at CMF. Due to plaintiff's transfer to a different prison, plaintiff cannot demonstrate a threat of imminent irreparable harm absent injunctive relief. See Zenith Radio Corp., 395 U.S. at 130-31.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's motions (ECF Nos. 30 & 35) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 10, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/moor1397.pi.tro